UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| YASHURAH MCTIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 3:20-cv-236 |
| | ) |
| GOOD SAMARITAN HOME, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. Nature of the Case**

1. Plaintiff, Yashurah McTier ("McTier"), brings this Complaint against Good Samaritan Home, Inc., ("Defendant"), for its discriminatory actions toward her based on her, race, African-American, and for retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

**II. Parties**

2. McTier is a citizen of the United States and has resided within the State of Indiana, Vanderburgh County, at all relevant times hereto.

3. Defendant is a Domestic Nonprofit Corporation who conducted business within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

**III. Jurisdiction and Venue**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. McTier, at all times relevant, has been an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. McTier satisfied her obligation to exhaust his administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 24C-2020-00013 alleging race discrimination and retaliation.  McTier received her Notice of Suit Rights and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Southern District of Indiana, thus venue in this court is proper.

### IV. Factual Allegations

9. McTier, who is African-American, began her employment as a Certified Nursing Assistant ("CNA") with the Defendant in or about July 2019.  McTier held the same position upon her termination on or about November 12, 2019.

10. At all times relevant, McTier met Defendant's legitimate performance expectations.

11. On or about November 3, 2019, McTier's African-American co-worker, Patricia Rockmore ("Rockmore"), was having a conversation with a Caucasian co-worker, Kathy Reid-Rumsey ("Rumsey").  During this conversation, Rumsey referred to a Student CNA as "n****r." Shortly thereafter, Rockmore reported to McTier what Rumsey had said.

12. Rockmore then reported the use of the racial slur to the Defendant's Director of Nursing, Barb Simpson ("Simpson"), who is Caucasian.  However, the Defendant took no immediate action.

13. On or about November 4, 2019, Rumsey approached McTier and asked her to let her know if she needed any help. McTier declined any help from Rumsey and let her know it was due to her usual of the racial slur. In response, Rumsey told McTier to – kiss her a**.

14. McTier responded to Rumsey with her own expletive.

15. Apparently, Rumsey went to Simpson and reported McTier's comment and that she was offended.

16. McTier was called into a meeting with Simpson wherein she explained that she was not comfortable working with Rumsey due to the racial slur and that her expletive response to Rumsey was in response to what Rumsey had said to her.

17. Simpson stated she had spoken with Rockmore about the racial slur issue and it was no longer a problem for Rockmore. This statement was simply not true as Rockmore affirmed to McTier that Simpson had not spoken to her about the matter.

18. Also during the meeting, Simpson asked McTier "What's your problem?" McTier responded by asking how Rumsey still had her job after what she said. Simpson responded that was Rumsey was "keeping her job, like it or not or you can just go home." Then, McTier clocked-out and went home.

19. After clocking-out and going home, McTier engaged in a protected activity and called the Defendant's Administrator, Bert P[last name unknown] ("Bert P.") and reported the entire matter. On November 5, 2019, Bert P. called McTier and told her that her complaint had been sent to Human Resources.

20. On or about November 8, 2019, McTier received a voicemail from Simpson instructing her not to step foot in the building until the Defendant had completed its investigation.

21. On or about November 11, 2019, Simpson called McTier and set an appointment for her to come to work the next day.

22. On or about November 12, 2019, McTier met with Simpson and Defendant's Human Resources Director Sharon Foster, who is Caucasian. McTier was terminated for using profanity while in the building. There are numerous examples of Caucasian employees using profanity in the workplace who have not been terminated.

23. Rockmore was also terminated for telling McTier about the racial slur used by Rumsey.

## V. Causes of Action

### Count I. - Title VII – Race Discrimination Claims

24. McTier hereby incorporates by reference paragraphs one (1) through twenty-three (23) of her Complaint.

25. McTier was discriminated against, subjected to a hostile work environment and terminated based on her race, African-American.

26. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

27. Defendant's actions were willful, intentional, and done with reckless disregard for McTier's civil rights.

27. McTier has suffered injury as a result of Defendant's unlawful actions.

### Count II. - Title VII – Retaliation Claims

28. McTier hereby incorporates by reference paragraphs one (1) through twenty-seven (27) of her Complaint.

29. McTier was discriminated against, subjected to a hostile work environment and terminated based on her engaging in an activity protected by Title VII of the Civil Rights Act of 1964.

30. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964.

31. Defendant's actions were willful, intentional, and done with reckless disregard for McTier's civil rights.

32. McTier has suffered injury as a result of Defendant's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Yashurah McTier, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of their race;

2. Order that the Plaintiff be awarded back pay, lost wages, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

3. Reinstate Plaintiff to her former position or award front pay in lieu thereof;

4. Award the Plaintiff compensatory damages, consequential damages, emotional distress damages, lost wages and benefits, and medical expenses in an amount sufficient to compensate Plaintiff for the damages caused by the Defendant's wrongful actions;

5. Award the Plaintiff punitive damages;

6. Award the Plaintiff her attorney fees, litigation expenses, and costs incurred as a result of this action;

7. Award the Plaintiff pre- and post-judgment interest on all sums recoverable; and

8.  Grant all relief available under the statute(s) for which this action is brought and any other relief as may be just and proper.

>Respectfully Submitted,
>
>s/*Kyle F. Biesecker*_____
>Kyle F. Biesecker
>Lauren Berger
>BIESECKER DUTKANYCH & MACER, LLC
>411 Main Street
>Evansville, Indiana  47708
>Telephone:   (812) 424-1001
>Facsimile:    (812) 424-1005
>E-Mail:        kfb@bdlegal.com
>                     lberger@bdlegal.com
>
>Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Yashurah McTier, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

>Respectfully Submitted,
>
>s/*Kyle F. Biesecker*_____
>Kyle F. Biesecker
>Lauren Berger
>BIESECKER DUTKANYCH & MACER, LLC
>411 Main Street
>Evansville, Indiana  47708
>Telephone:   (812) 424-1001
>Facsimile:    (812) 424-1005
>E-Mail:        kfb@bdlegal.com
>                     lberger@bdlegal.com
>
>Attorneys for Plaintiff